UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61634-Civ-SCOLA

MSC MEDITERRANEAN SHIPPING CO.
SA, GENEVA,

    Plaintiff,

vs.

METAL WORLDWIDE, INC., *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON EVIDENTIARY AND DISCOVERY MATTERS

THIS MATTER is before the Court on the Plaintiff's Appeal of the Magistrate Judge's June 11, 2012 Order (ECF No. 69), Plaintiff's Motion *In Limine* to Preclude Evidence Related to MSC's Alleged Knowledge of the Weight Discrepancy (ECF No. 70), Plaintiff's Motion *In Limine* For Admission of Mahazars (ECF No. 71), Plaintiff's Motion *In Limine* For Admission of Statements Taken From India (ECF No. 72), and Plaintiff's Motion For Leave To Re-Depose Sachin Chhabra Outside of Discovery Period (ECF No. 73).

### I. *Plaintiff's Appeal of the Magistrate Judge's June 11, 2012 Order is granted*

The Magistrate Judge's ruling quashing MSC's subpoena to TCC must be reversed because it relied on an impermissibly narrow reading of MSC's allegations. A district court may reconsider a magistrate judge's ruling on a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2006); *see also* Rule 4 of the Local Magistrate Judge Rules.

Plaintiff, MSC, argues that the Magistrate Judge erred in granting Defendant Sachin Chhabra's motion to quash a subpoena issued to TCC Impex USA. The subpoena sought various types of documents, including TCC's client list, credits issued by Chhabra (as President of Defendant Metal Worldwide) to TCC's clients, Chhabra's personnel file, and other documents relating to TCC's managers, directors, and shareholders. The Magistrate Judge found that these materials were not discoverable based on a close reading of MSC's pleadings. (Order Granting Mot. Quash 10-11, ECF No. 59.) Although the justifications for obtaining the records from TCC are not readily apparent from the face of the complaint, the Court has recently had an opportunity to review more closely MSC's theories of liability in ruling on MSC's summary judgment

motion.  The Court now recognizes the connection between the requested TCC records and MSC's theory of liability against Chhabra.  The summary judgment motion was not fully briefed when the Magistrate Judge ruled on this discovery issue.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "Relevant Information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "[A]lthough district courts have broad discretion in fashioning discovery rulings, they are bound to adhere to the liberal spirit of the Federal Rules."  *Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007) (internal quotation marks omitted).

In this case, MSC argues that Chhabra used Metal Worldwide for a fraudulent purpose and therefore Metal Worldwide's corporate veil should be pierced.  MSC contends that Chhabra fraudulently transferred Metal Worldwide assets in order to evade Metal Worldwide's liabilities to MSC.  Under federal maritime law, the imposition of liability on a principal for the debts of the corporation (*i.e.*, piercing the corporate veil) is available only where the principal has used the corporate entity to perpetrate a fraud, or where the individual has so dominated and disregarded the corporate form that the corporation primarily transacted the principal's personal business rather than its own.  *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 53 (2d Cir. 2008).  A fraudulent transfer of funds generally involves (1) the transfer of money or other assets, (2) without receiving a reasonably equivalent value in exchange, (3) made for the purpose of avoiding a pre-existing debt.  *See, e.g., In re Advanced Telecomm. Network, Inc.*, 490 F.3d 1325, 1336 (11th Cir. 2007).

MSC's subpoena to TCC seeks to discover details about the relationship between Chhabra, Metal Worldwide, and TCC.  These details will, in all likelihood, make it more probable (or less probable) that Chhabra fraudulently transferred Metal Worldwide assets in order to evade Metal Worldwide's liabilities to MSC.  If it can be established that Chhabra has a position of high status at TCC, then the improper transfer of assets to TCC could be viewed as benefiting Chhabra personally, even if somewhat indirectly.  Also, if MSC is able to show that TCC is essentially operating as a mirror of Metal Worldwide, it could bolster MSC's argument

that Chhabra fraudulently transferred assets away from Metal Worldwide for the improper purpose of avoiding the debt owed to MSC.

It is, of course, possible that the records from TCC do not reveal any close ties with Metal Worldwide or Chhabra, in which case the records would bolster Chhabra's arguments against piercing the corporate veil. In either case, the records would seemingly be relevant to facts that are of consequence in determining the case, and at the very least appear reasonably calculated to lead to the discovery of admissible evidence. Having considered the parties' arguments, the records, and the relevant legal authorities, MSC's Appeal of the Magistrate Judge's June 11, 2012 Order will be granted.

## II. Plaintiff's Motion In Limine to Preclude Evidence Related to MSC's Alleged Knowledge of the Weight Discrepancy is denied

MSC asks the Court for an order precluding the Defendants from introducing evidence or testimony related to MSC's alleged knowledge of the weight discrepancy between the actual weight of the subject containers and the weight declared by Metal Worldwide. For the reasons explained in subsection III(C) of the Summary Judgment Order (ECF No. 97), MSC's alleged knowledge of the weight discrepancy is relevant to a fact of consequence. Accordingly, MSC's motion *in limine* to preclude evidence on this issue must be denied.

## III. Plaintiff's Motion In Limine For Admission of Statements Taken From India is denied; Plaintiff's Motion In Limine For Admission of Mahazars is granted

MSC moves *in limine* for the admission of certain sworn statements taken of MSC employees in India as part of the Indian Government's investigation into the events leading up to the discovery of the mis-declaration of the weight and contents of the containers at issue in this case. MSC seeks to admit these statements through the residual hearsay exception.

Under Federal Rule of Evidence 807, "a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804 [where]: (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."

Defendant, Metal Worldwide, argues that the statements do not have circumstantial guarantees of trustworthiness because they were given by MSC employees as a part of a governmental investigation and under those circumstances the MSC employees would have an

incentive to shade their testimony to avoid possible fines and penalties and to place the blame away from MSC.  Metal Worldwide also argues that because MSC employees in this jurisdiction can provide substantially the same testimony, or at the least testify regarding the same set of facts, the hearsay statements are not more probative on the point for which they are offered than any other evidence that MSC can obtain through reasonable efforts.  In reply, MSC essentially concedes that its corporate representative, deposed in this matter, can corroborate the statements taken by MSC's employees in India.

Based on the facts and arguments presented by the parties, MSC's motion *in limine* to admit the statements of MSC's employees in India regarding the mis-declaration of the weight and contents of the containers at issue in this case will be denied.

MSC next moves for an order *in limine* to admit reports from the Indian Customs Department ("Mahazars") detailing the investigation into the actual contents of the containers at issue in this case.  MSC is seeking to have the reports admitted under the public records exception to the hearsay rule, or alternatively, through the residual hearsay exception.

A record or statement of a public office is not excluded by the rule against hearsay if it sets out: (1) the office's activities; (2) a matter observed while under a legal duty to report; or (3) factual findings from a legally authorized investigation; so long as neither the source of information nor other circumstances indicate a lack of trustworthiness.  Fed. R. Evid. 803(8). This is known as the public records exception.  For the public records exception to apply, the report must contain factual findings that are based upon the knowledge or observations of the preparer of the report, as opposed to a mere collection of statements from a witness.  Entries in a police report which result from an officer's own observations and knowledge may be admitted but statements made by third persons under no business duty to report may not.  In other words, otherwise inadmissible hearsay statements by third-parties in an official report does not make the statements admissible.  *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009).

Metal Worldwide argues that the reports of the Indian Customs Department – the Mahazars – do not contain the factual findings of the Customs Department, but rather the inadmissible hearsay of witnesses at the scene.  A review of the reports reveals that they consist of detailed observations of witnesses who were present at the scene when the containers were opened.  It is apparent from the reports that the Indian Customs agents were also present. However, the reports are written, for whatever reason, from the voice and perspective of the

witnesses and not the Customs agents. Based on a plain reading of the reports and the case law, these records do not fall into the public records exception to the hearsay rule because they consist of a collection of statements from a witness as opposed to the agent's own observations and knowledge.

Despite being inadmissible under the public records exception, the Mahazars may be admitted under the residual hearsay exception. It is clear from the reports that the witnesses were observing the containers being opened with the Indian Customs' agents present alongside them. For some reason, due to the manner the reports were written, they only contain the descriptions of the witnesses and not of the Indian Customs agents. Based on the narratives, the witnesses understood they were taking part in an official and formal investigation, and clearly understood the seriousness of the situation. Additionally, the records are the most direct evidence of the actual contents of the containers.

Under the circumstances, the Mahazars have circumstantial guarantees of trustworthiness, equivalent to other hearsay exceptions. The reports are being offered as evidence of the actual contents of the containers, a material fact at issue in this case. The reports are more probative on this point than any other evidence that MSC can obtain through reasonable efforts. The Court finds that permitting the Mahazars to be offered into evidence will best serve the purposes of these rules and the interests of justice. MSC's motion *in limine*, allowing the Indian Customs Reports to be admitted under the residual hearsay exception is granted. The Mahazars may be admitted into evidence, **provided that** MSC can authenticate them at trial. *See United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000) ("Under Fed. R. Evid. 901(a), documents must be properly authenticated as a condition precedent to their admissibility 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.'").

### *IV. Plaintiff's Motion For Leave To Re-Depose Sachin Chhabra Outside of Discovery Period is denied*

MSC seeks to re-depose Chhabra, after the close of all discovery, having "determined that it is necessary . . . in order to ascertain whether the transfers [of funds from Metal Worldwide to TCC] are legitimate or are part of a fraudulent scheme to evade Metal Worldwide's liabilities to MSC." (Pl.'s Mot. Re-Depose Chhabra 3, ECF No. 73.) As noted by the Court in the Summary Judgment Order (ECF No. 97), a fraudulent transfer of assets generally involves (1) the transfer of money or other assets, (2) without receiving a reasonably equivalent value in exchange, (3)

made for the purpose of avoiding a pre-existing debt. *See, e.g., In re Advanced Telecomm. Network, Inc.*, 490 F.3d 1325, 1336 (11th Cir. 2007).

The records subpoenaed from TCC, in conjunction with the discovery MSC has already obtained regarding the transfer of assets, and Chhabra's initial deposition are sufficient to give MSC the opportunity formulate its claims of fraudulent transfers. If MSC has additional specific questions for Chhabra it may call him as a witness at the upcoming trial and elicit testimonial evidence at that time. Accordingly, MSC's motion to re-depose Chhabra following the close of discovery will be denied.

### V. Conclusion

For the reasons explained above, it is **ORDERED** as follows:

A) Plaintiff's Appeal of the Magistrate Judge's June 11, 2012 Order (ECF No. 69) is **GRANTED**. The subpoena served on TCC Impex USA is **REVALIDATED** and shall have full force and effect. TCC Impex shall respond to the subpoena *deuces tecum*, providing the requested records, on or before **August 23, 2012**. MSC shall immediately deliver a duplicate copy of the subpoena *deuces tecum*, along with a copy of this Order, to TCC Impex.

B) Plaintiff's Motion *In Limine* to Preclude Evidence Related to MSC's Alleged Knowledge of the Weight Discrepancy (ECF No. 70) is **DENIED**.

C) Plaintiff's Motion *In Limine* For Admission of Mahazars (ECF No. 71) is **GRANTED**.

D) Plaintiff's Motion *In Limine* For Admission of Statements Taken From India (ECF No. 72) is **DENIED**.

E) Plaintiff's Motion For Leave To Re-Depose Sachin Chhabra Outside of Discovery Period (ECF No. 73) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 10, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Counsel of record*